J-S55007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE MARTIN, | |
| Appellant | No. 1805 EDA 2013 |

Appeal from the PCRA Order May 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1100501-2001

BEFORE:  BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 10, 2014**

Tyrone Martin appeals from the May 21, 2013 order denying his fifth PCRA petition.  The petition was untimely, and we affirm.

On December 3, 2003, Appellant was convicted of first-degree murder, robbery, possession of an instrument of crime, and carrying an unlicensed firearm.  The offenses were premised upon the following evidence.  On June 27, 2000, Appellant arranged to meet Glenn Moses in order to purchase a large quantity of cocaine.  Mr. Moses was met by his friend, Lonnie Jernigan, at the pre-designated location for the drug transaction, which was 23rd and Ellsworth Streets, Philadelphia.  Mr. Jernigan testified that he observed the following.  Mr. Moses arrived at the scene with a red book bag and deposited it in the open driver's side window of an Acura Legend.  Appellant exited the car and shot Mr. Moses.  Mr. Jernigan

did not report the incident to police until April, 2001, when he was arrested for an unrelated crime.

On January 28, 2004, Appellant was sentenced to life imprisonment plus twelve and one-half to twenty-five years. On April 19, 2005, we affirmed the judgment of sentence rejecting nine issues, and our Supreme Court denied review on November 10, 2005. *Commonwealth v. Martin*, 876 A.2d 466 (Pa.Super. 2005), *appeal denied*, 887 A.2d 1240 (Pa. 2005). Appellant filed a timely PCRA petition on October 20, 2006, and averred that trial counsel was ineffective for failing to present an alibi defense. Counsel was appointed, but filed a no-merit letter and motion to withdraw. Counsel indicated that Appellant's position was that trial counsel should have presented Appellant's paramour at the time of trial as an alibi witness. PCRA counsel indicated that Appellant was unable to provide any means by which counsel could contact the witness and that counsel had unsuccessfully endeavored to find both the former girlfriend and other alibi witnesses for Appellant. Counsel was permitted to withdraw, and, after sending notice of its intent to dismiss the petition without a hearing, the PCRA court dismissed Appellant's first PCRA petition by order dated February 5, 2008. No appeal was filed from the denial.

Thereafter, Appellant filed three other PCRA petitions. In none of them did he either seek reinstatement of his appellate rights from the denial of his first PCRA petition, or suggest that he was unaware that the petition had been denied. A PCRA petition filed on October 20, 2008 was dismissed

on April 15, 2009. In that petition, Appellant charged PCRA counsel with abandonment and improperly presenting a no-merit letter. A January 7, 2010, PCRA petition was denied on August 17, 2010. Appellant then sought a new trial based upon after-discovered evidence on November 8, 2010, and that petition was dismissed on May 17, 2010. Appellant filed an appeal from that dismissal. We concluded therein that the November 8, 2010 PCRA petition, Appellant's fourth, was untimely because Appellant's "judgment of sentence became final on February 8, 2006," and the petition was not filed by February 8, 2007. *Commonwealth v. Martin*, 53 A.3d 935 (Pa.Super. 2012) (unpublished memorandum at 2).

The present appeal is from the dismissal of a PCRA petition filed on July 27, 2012. Appellant presents this issue on appeal: "Is the appellant entitled to relief pursuant to 42 Pa.C.S. §9545(b)(1)(i), where governmental interference prevented him from presenting meritorious issues?" Appellant's brief at ii. Our Supreme Court has observed that limited appellate review applies in the PCRA context. *Commonwealth v. Spotz*, 84 A.3d 294 (Pa. 2014). As delineated in *Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-75 (Pa.Super. 2013) (citation omitted),

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). In this case, we have previously determined that Appellant's judgment of sentence became final on February 8, 2006, after he failed to seek review in the United States Supreme Court from our Supreme Court's denial of allowance of appeal. 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). He had until February 8, 2007, to file a timely PCRA petition, and his present petition was filed outside of that time frame.

There are three exceptions to the one-year time bar: when the government has interfered with the defendant's ability to present the claim, when the defendant has recently discovered the facts upon which his PCRA claim is predicated, or when either our Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S. § 9545(b)(1)(i-iii). **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa.Super. 2012) ("There are three exceptions to this [one-year] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."). The defendant has the burden of pleading and proving the applicability of any exception. **Feliciano**, **supra**; 42 Pa.C.S. § 9545(b)(1). "Any petition invoking an

exception . . . shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant herein invokes the governmental interference exception, Appellant's brief at ii, but the relief that he seeks is unclear. Appellant maintains that he never received a copy of the order denying him relief during his first PCRA proceeding and that there was a breakdown in the operation of the court. However, he is essentially asserting that this default prevented him from presenting meritorious issues. The only harm flowing to Appellant from this purported lack of notice was that he could not appeal from the denial of his first petition.

Appellant cannot invoke the governmental interference exception because he did not present this claim within sixty days of when he first learned of his alleged lack of proper notice. When Appellant filed his second petition, he was aware that he had been denied relief in his first PCRA proceeding and should have raised the claim at that time. Indeed, Appellant has been fully aware of the outcome of the first post-conviction proceeding for years. Appellant has not timely invoked the governmental interference exception since he did not file a petition seeking reinstatement of his appellate rights with respect to his first PCRA petition within sixty days of when he actually learned of its denial. *Commonwealth v. Cintora*, 69 A.3d 759 (Pa.Super. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2014